IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Damien T. Robinson,

PETITIONER

v.

Acting Warden Hutchinson,

RESPONDENT.

Case No. 4:20-00162-TLW

**Order**

The Petitioner Damien T. Robinson, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 24. In the Report, the magistrate judge recommends that Respondent's motion for summary judgment be granted and the petition be dismissed. Petitioner filed objections to the Report. ECF No. 30. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

1

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).  In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections.

The Petitioner is currently incarcerated at the Federal Correctional Institution Edgefield (FCI Edgefield) in Edgefield, South Carolina. Petitioner is challenging a disciplinary hearing which resulted in a loss of forty-one good days jail credit and 27 earned days (68 total days). ECF 1-1 at 2. In his petition, Petitioner asserted three grounds for relief: (1) his incident report was flawed and distorted the actual events, (2) the testing used was faulty, and (3) his due process rights were violated when the disciplinary hearing officer failed to provide Petitioner a written copy of the officer's findings. ECF No. 1 at 6-7. However, Petitioner has now narrowed his argument to ground three regarding the DHO's written report, "[p]etitioner narrows his argument down to Ground Three in the interest of expediency and justice…" ECF No. 21 at 4.

In sum, Petitioner alleges that his due process rights were violated when he did not timely receive a written copy of the DHO's decision because the lack of documentation prevented him from filing a proper appeal. Ground three of his petition specifically states that the "disciplinary hearing officer thwarted my attempts to appeal his incorrect decision by not providing me with a written copy of his finding as demanded by due process." ECF No. 1 at 7. As outlined in detail in the Report, and based on the caselaw cited therein, an untimely delivery of a DHO's report does not equate to a violation of due process. ECF No. 24 at 7-11 (quoting *Shahan v. Ormond*, No. 3:18-cv-200-HEH, 2018 WL 6681210, at *8 (E.D. Va. Dec. 19,

2018), aff'd, 778 F. App'x 217 (4th Cir. 2019), "[i]t is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay. In the context of an inmate's delayed receipt of the DHO's report, courts have held that inmates do not suffer any prejudice when they receive the DHO's report months after the hearing, and that such a multi-month delay does not constitute a due process violation.").

As outlined in the Report and Recommendation, the delayed delivery of the DHO's Report has not prejudiced Petitioner or prevented him from filing a proper appeal because the deadline to file an appeal was within 20 days *after* receiving the DHO's Report. Petitioner received a copy of the DHO's final Report on March 19, 2020, which advised him that he had the "right to appeal this action within 20 calendar days under the Administrative Remedy Procedure." ECF No. 17-1 at 16. The Court sees no evidence that Petitioner has attempted to file an appeal through the Administrative Remedy Procedure since his receipt of the DHO's Report in March 2020. After he received the DHO's Report, he chose not to file an appeal and instead, decided to proceed with this § 2241 petition.[1] Petitioner's choice not to pursue an appeal after he received the DHO's Report does not establish a due process violation because his lack of an appeal was due to his own inaction, rather than any action taken by the BOP. *See Shahan v. Ormond*, No. 3:18-cv-200-HEH, 2018 WL 6681210, at *7-8 (E.D. Va. Dec. 19, 2018).  The Court finds the Report's citation to *Shahan*

---

[1] Petitioner filed this § 2241 petition on January 16, 2020, ECF No. 1, and received the DHO Report two months later on March 19, 2020, ECF No. 17-1 at 16.

persuasive and applicable as the facts and legal issues involved in Petitioner's case mirror the facts and issues in *Shahan*.

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 24, is **ACCEPTED**, Petitioner's objections, ECF No. 30, are **OVERRULED**, and Respondent's motion for summary judgment, ECF No. 17, is **GRANTED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

February 11, 2021
Columbia, South Carolina